FINANCIAL STATEMENTS OF MOTOR CLUBS Financial statements filed by motor service clubs with the State Insurance Commissioner are to be considered as public information. The Attorney General has considered your request for an opinion wherein you have, in effect, asked the following question: "Are financial statements filed by motor service clubs with the State Insurance Commissioner considered as public information as opposed to confidential?" Title 36 O.S. 306 [36-306] (1971) is dispositive of this question. Section 306 provides: "The Insurance Commissioner shall enter in permanent form records of the official transcripts, filings, examinations, investigations and proceedings of his office and keep all records, books and papers pertaining thereto in his office. Such records, books and papers shall be public records of the State; provided, however, the reports of examinations of insurers shall be filed and be made public only as hereinafter provided." (Emphasis added) Title 47 O.S. 651 [47-651] through 47 O.S. 663 [47-663] (1971) set out operational requirements and guidelines for motor service clubs. Title 47 O.S. 654 [47-654] (1971) provides, in part: "(1) No certificate of authority shall be issued by the Commissioner until the company has filed with him the following: "(a) A formal application in such form and detail as the Commissioner may require, executed under oath by its president or other principal officer;" The annual information issued by motor service clubs to the State Insurance Commissioner under Title 47 O.S. 654 [47-654] (1971) qualifies as public information according to Title 36 O.S. 306 [36-306] (1971). An examination of the statutory language reveals that the word "shall" precedes the requirement of making the record public for the State of Oklahoma. The Supreme Court of the State of Oklahoma has said that the word "shall" usually means "must". State ex rel Ogden v. Hunt, Okl., 286 P.2d 1088. In this case the Court stated: "`In common, or ordinary parlance, and in its ordinary signification, the term "shall" is a word of command, and one which has always, or which must be given a compulsory meaning; as denoting obligation. It has a peremptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced . . . but the context ought to be very strongly persuasive before it is softened into a mere submission. . ." There is no language suggesting a contrary legislative intent or granting exceptions. It is therefore the opinion of the Attorney General that your question be answered in the affirmative. Financial statements filed by motor service clubs with the State Insurance Commissioner are to be considered as public information. (Paul C. Duncan)